PARKER *v.* MURPHY.

4-6105                   145 S. W. 2d 24

Opinion delivered December 2, 1940.

*Paul X. Williams,* for appellant.

*Charles I. Evans,* for appellee.

GRIFFIN SMITH, C. J. The appeal questions correctness of a judgment of the Sebastian probate court in which the claim of H. G. Murphy, trustee, is given preference over heirs of M. A. Williams. See *Chambers, Administrator, v. Williams, Administrator,* 199 Ark. 40, 132 S. W. 2d 654; *Williams, Administrator, v. Murphy, Trustee,* 199 Ark. 249, 133 S. W. 2d 857.

When the mandate from this court was filed at Booneville, the Logan chancery court rendered judgment against Chambers, administrator of the estate of Georgianne R. Williams, for $2,214, and directed that it be satisfied before Chambers made distribution of the assets he held. Thereupon, Chambers, as administrator, petitioned the Sebastian probate court for directions. Certain claims conceded to have priority were certified, amounting to $821.48.

H. G. Murphy asked that his judgment as trustee be paid in full. Mrs. Frances Parker and others responded by requesting that Murphy's judgment and prior judgments for $20,388.13 (mentioned in last paragraph, page 42, 199th Arkansas Reports, 6th paragraph, page

655, 132 S. W. 2d) be paid pro rata from remaining assets of the estate.

Appellants insist they are judgment creditors, and therefore their distributive shares should be paid ratably with the Murphy judgment.

While it is true appellants are creditors, it is also true that the judgment of each stems from the relationship of remainderman. Administration of the estate of M. A. Williams had not been closed when his wife, Georgianne R. Williams, administratrix, died. Chas. X. Williams was appointed administrator in succession.

In *Chambers, Administrator*, v. *Williams, Administrator, supra,* we held in effect that assets of $8,601.25, being residue of Mrs. Williams' individual estate and of the estate of her husband, should be treated as a trust for benefit of remaindermen, inasmuch as Mrs. Williams had mingled properties of the two estates to such an extent that the separate property of each could not be identified.

The $8,601.25 item was not an asset to be administered by Chambers for the benefit of creditors, heirs, or legatees of Mrs. Williams. In reversing the judgment in *Williams, Administrator*, v. *Murphy, Trustee,* 199 Ark. 249, 133 S. W. 2d 857, we said: ". . . the cause is remanded with directions to enter judgment for the amount found by the chancellor to be due. It is further directed that Chambers, administrator, satisfy such judgment before distributing the assets now in his hands. In the alternative, if such funds are in the hands of Williams, administrator, he is directed to pay such amount to Chambers, administrator, for the purpose of satisfying the demand." In the same opinion it had been held that the judgment should be against the administrator of the life tenant (Chambers) rather than against the administrator in succession of the estate of M. A. Williams, "but only as a means of reaching the M. A. Williams' estate property."

The evidence indicated that because of Mrs. Williams' act in mingling her property with property held for life only, all assets of the two estates were in her

actual possession at the time of her death, and were taken over by Chambers, administrator. But the opinion (as a precaution in the event the assumption were not true) directed in the alternative that any property belonging to the M. A. Williams' estate in the hands of Charles X. Williams, administrator in succession, be turned over to Chambers, administrator.

Effect of the holding was to say that the Murphy judgment should be paid from property in the hands of Georgianne R. Williams at the time of her death which made up the fund of $8,601.25 held either by Chambers, administrator, or Williams, administrator.

Affirmed.